**UNITED STATES of America,**
**Plaintiff,**

v.

**BOSTON AND MAINE CORPORATION,**
**Defendant.**

Civ. A. No. 67–151–G.

United States District Court
D. Massachusetts.

Nov. 5, 1968.

Paul F. Markham, U. S. Atty., Thomas P. O'Connor, Asst. U. S. Atty., Boston, Mass., for plaintiff.

John E. O'Keefe, Boston, Mass., for defendant.

## MEMORANDUM OF DECISION

GARRITY, District Judge.

The plaintiff, United States of America, has joined four causes of action against the defendant railroad, Boston and Maine Corporation, for alleged violations of the Safety Appliance Acts, 45 U.S.C. §§ 1–16. The parties are in agreement regarding three of the four counts: the first cause of action is dismissed by the plaintiff; and the violations alleged in the third and fourth causes of action are admitted by the defendant. The dispute between the parties with respect to the second cause of action is whether or not the statutory exception to liability contained in 45 U.S.C. § 13 is applicable. The pertinent language is as follows:

Provided, That where any car shall have been properly equipped, as provided in sections 1–16 of this title, and such equipment shall have become defective or insecure while such car was being used by such carrier upon its line of railroad, such car may be hauled from the place where such equipment was first discovered to be defective or insecure to the nearest available point where such car can be repaired, without liability for the penalties imposed by this section or section 6 of this title, if such movement is necessary to make such repairs and such repairs cannot be made except at such repair point;

The case was tried without jury. There were no conflicts in the testimony.

The court finds that on June 15, 1966 the defendant became aware of a defective hand brake on Box Car NYC 177971 in violation of United States Safety-Appliance Standards (Railroad), 49 CFR 131.1. The defect was discovered by the defendant at Lowell, where the defendant had maintained a repair facility which had been closed sometime during 1965. A bad order tag was affixed to the car, which was routed to the defendant's nearest repair shop at Billerica, approximately 3½ miles away. The car when hauled from Lowell to Billerica was empty and was one of twelve cars pulled by a single locomotive.

An employee of the defendant, one Campbell, was stationed in Lowell and customarily repaired freight cars there previous to the closing of the repair facility there. Campbell testified that the replacement part was not in stock at Lowell and that, if the car had not been sent on to the Billerica repair shop, it would have been necessary to have the replacement part brought to Lowell from Billerica by truck. Campbell could have made the repair in approximately two hours if he left other work to which he had been assigned when the repair shop in Lowell was closed. It might have taken overnight to obtain the replacement part from the Billerica shop.

The court concludes that the statutory defense contained in 45 U.S.C.

**358**

§ 13 does not apply. The movement of the disabled car to Billerica was not necessary to make the repair which could have been made in Lowell. True, it would have been necessary to bring the required replacement part a distance of about six miles by truck and to have sent along with it a repairman from Billerica or taken Campbell from his other duties. But there was no evidence or indication that making the repair in Lowell would have involved unreasonable risk to the safety of the employee making the repair there. The statutory phrase "nearest available point where such car can be repaired" means the point where repairs can be made without unreasonable risk to the safety of employees. International-Great Northern R. Co. v. United States, 5 Cir., 1959, 268 F.2d 409, 412. Judgment will be entered for the plaintiff on the second cause of action as well as on the third and fourth, so that total judgment for the plaintiff will be in the sum of $750 together with costs.